Curia, per Earle, ,L
The general rule, established by all the cases, is, that in order to render a-witness incompetent, his interest in the event of the suit, should be a present, certain, and vested interest, and not uncertain and contingent; it is defined by Ld. Ch. Baron Gilbert to be “a certain benefit or disadvantage to the witness, attending the consequence of the cause, one way.” Law of Ev., 225. The witness therefore, as an héír at law of the intestate, and a distributee of his estate, had a direct interest in increasing the fund, out of which he might receive a dividend, and on that ground was incompetent, 2 Bay, 542., But it was an interest, which might be assigned or released, and thus the competency of the witness would be restored. Ex’r of Christie v. Ex’r of Furman, Mss. D. Nov., 1827. This having been tendered, and the objection waived, it is supposed the witness was still incompetent, by reason of his liability to refund, in case of further claims against the estate, not yet exhibited. But as there was no evidence offered of any such outstanding demands, or of any deficiency of- assets in the hands of the administratrix, it. would seem, that the interest of the witness in increasing the fund, out of which he could receive no dividend, was not only extremely remote, but entirely contingent ; depending upon the fact of there being such outstanding *443 demands, of their being established by proof, and of there being a deficiency of assets. All this could not be, except on the supposition, that.the settlement of the estate was false and fraudulent, which is not to be presumed. If authority were needed to sustain the proposition, it will be found in Smith v. Blackham, 1 Salk. 283. The heir of a bankrupt was brought to prove a debt due to him, in an action by the assignee ; and it was objected, that the surplus of the real estate (which was only to come in aid of the personal estate,) being to go to the bankrupt, and his heirs, the heir by swearing to increase the personal estate, has this benefit, as to so much. But Treby, Ch. J. allowed him to be a witness, saying, that was too remote a contingency. And in Carter v. Pearce, 1 Term R. 163, a surety in an administration bond, was admitted to prove a tender by the administrator. The court said, “ the bare possibility of an action being brought against a witness, is no objection to his competency. Ogier v. Deas, 1 Bail. 473, is also a case directly in point.
To enable the plaintiff to recover, it was necessary to prove payment of the draft, by the intestate. And as it had been endorsed by the payee, before presentment, the mere production of it from the custody of the drawee, even with a receipt endorsed, may have been insufficient to authorize a- presumption of payment, without proof that the receipt was the hand writing of a person, entitled to demand payment. ■ Such was the decision of Ld. Ellenborough in Pfiel v. Vanbatenburg, 2 Camp. N. P. Rep. 439, cited at the bar. But here there was surely other, and sufficient evidence of payment, in the admissions of the defendant himself. He not only admitted that the draft had been paid, but that he was liable for the amount; of course to the plaintiff, for the demand was made on her behalf. . It could not be otherwise, than that the payment was made to ope authorized to receive it.1
The other point that the drawee had funds of Lenoir, which he ought to have applied to the draft, was for the jury. There seems to have been no proof of the cotton of Lenoir, having been consigned by the defendant, although received by his boat; or that he *444 had any authority, to direct the application of the proceeds, so as to supersede the control of the owner.
jDesaussure & Garden, for the motion.
Watson, contra.
The motion for a new trial is refused.
Richardson, O’Neall, Evans and Butler, Justices, concurred.